Our second case on the call of the docket is case number 112-754, People v. Marshall C. Hollins, agenda number 2. Counsel for the appellant, you may proceed. Good morning, Your Honors. I'm Kathleen Hamel from the Office of the State Appellate Defender. Good morning, Counsel. I'm representing the defendant appellant, Marshall Hollins. May it please the Court. Mr. Hollins stands convicted of three counts of child pornography for having taken sexual photographs of someone who was under the age of 18. The facts of the case were undisputed. It was a stipulated bench trial in fact. In December of 2008, the defendant was having a legal sexual relationship with his girlfriend, A.V. While having sex one night, when A.V. was just three months shy of her 18th birthday, they decided to photograph themselves. Mr. Hollins used his cell phone to take some pictures that were admittedly lewd. It was his sexual organ inside of A.V.'s. The photos were dark. They were grainy. It was almost impossible. I know Your Honors have seen them. It's almost impossible to tell what is being depicted, let alone who is being depicted or how old the people are, other than that they are physically mature human beings. These are pictures that were totally unsuitable for any use by anyone other than A.V. and Mr. Hollins. At A.V.'s request, Mr. Hollins emailed the pictures to her. A.V.'s mother was apparently looking at A.V.'s email and she intercepted them. She brought them to the police who then contacted Mr. Hollins. Mr. Hollins readily admitted to the sexual activity with A.V. because it was legal. She was 17 years old. However, he was very surprised to learn that the photography of the Legal Sex Act was a Class I felony. And he is now serving eight years in prison for having taken these pictures and then he is going to have to register as a sex offender for the rest of his life. So the question that this case presents is does a law which makes it a Class I felony to photograph a 17-year-old who is engaged in legal sexual activity in any way address, let alone advance, the legitimate purposes of the Child Pornography Statute? This is a rational basis analysis? Yes, it is. Yes, we recognize that there is not a fundamental constitutional right involved and so it is our burden and it is a rational basis standard. And despite the heaviness of our standard, we believe that we've met it. Due process requires that a criminal statute be reasonably designed to remedy the social ill that it is intended to address. In New York v. Ferber, the United States Supreme Court held that the government can constitutionally prohibit child pornography because the state has a compelling need to protect children from sexual exploitation and abuse. And this is why, because that is the compelling need that is addressed, this is why in Peoples v. Alexander, this court held that the portion of the Child Pornography Statute that criminalizes computer-generated images of children was not constitutional because the application of the statute to images that were produced without involving real children cannot possibly be intrinsically related to the statutory purpose of preventing real children from sexual abuse and exploitation of children. So this means that like in Alexander, this court basically recognized that we cannot separate the sexual exploitation and the abuse from the photography and still have a constitutional statute. A photo that is taken of consensual legal sexual activity has nothing to do with sexual abuse and exploitation. A 17-year-old can legally consent to engage in sexual relations. So sexually active 17-year-olds are not being abused or exploited. They are instead making a decision which the law allows them to make, which is whether or not to engage in sexual activity. It's a big choice. The consequences of making such a decision poorly can be terrible. They can be sexually transmittable diseases, unwanted pregnancy. But our legislature nevertheless has decided that a 17-year-old is old enough to make that decision. How do you address the state's argument that 17-year-olds able to have consensual sex or not are not adults? And they go on to say that there are still minors for the legal, for example, they can't vote, they can't drink alcohol, they can't get married without parental consent, and can't this situation be more subtle than having sex where they know enough to maybe have birth control at 17 but they don't know the subtleties of being involved in pornographic illustrations? Well, I think what my greatest response to that is that we need to look at the purpose of the statute itself. It's true that there is this problem that anybody, be they 17 or 57, might have terrible judgment when it comes to a decision about being photographed under such circumstances because anybody can have repercussions that are horrible. But the purpose of the statute is to protect children from sexual exploitation and abuse. And the problem with the statute is that it's the sexual exploitation and abuse that's at the heart of the statute. And a 17-year-old is not being sexually abused or exploited when she has sex. And so there is no sexual abuse or exploitation in such a case. What there is instead is bad judgment. The purpose of the statute is not to protect 17-year-olds from bad judgment. I'm sorry, Ms. Sandlin. It seems part and parcel of your argument that the illustration of pornographic images is equated with the sexual act itself, right? I mean, every time you start talking about this, you're saying a 17-year-old isn't being exploited because it's legal for her to have consensual sex. But don't we, to understand your argument, don't we have to equate that with the distribution of pornographic figures? Well, I believe that this is what brings this case so close to people v. Alexander. Because there, too, there were people who were not really children being depicted as children in sex acts. So she actually brings it closer to child pornography. I mean, it really, they are pornographic images of children. Whereas, as an aside, I would note that a 17-year-old, generally speaking, is probably not going to be a very suitable subject for a child pornography picture because their bodies aren't the kind of bodies that people who view child pornography would be interested in. They look more like adults. But here, what we have is kind of not a real child for the purpose of the sex offense statutes in the state of Illinois. Because both child pornography and, I guess, sexual assault and sexual abuse, they are all sex offenses. And so we need to have consistency within that set of statutes in order to have a rational scheme and a rational application of the statutes. So are we to agree that child pornography statute is illogical for a number of different reasons? But is it possible for illogical statutes to pass constitutional muster? Not if it's irrational. It has to be rationally related to the societal ill that the statute is meant to address. And we're saying this isn't rationally related. And the reason is because it's going to tend to criminalize innocent conduct. In that respect, I compared it in my reply brief to People v. Madrigal, the identity theft case that Your Honor has addressed very recently, where you struck down a subsection of the statute because it addressed, it swept too broadly. It addressed both innocent and guilty conduct. Here, the statute addresses nothing but innocent conduct. Isn't there something in the legislative history that suggests the General Assembly relied upon the Eighth Circuit in the United States v. Bok? Yes, yes. Is that a similar situation? We acknowledge that there is the Bok case and there are a handful of cases across the country where the discrepancy between the age for consent for sexual relations and the age ceiling for child pornography have been upheld. However, there was no such interest. I should say the reasoning they have is actually what Justice Thomas referred to, this idea that while a 17-year-old may be able to make sound decisions regarding pregnancy or the risk of an unwanted pregnancy and the risk of a sexually transmitted disease, they would not be able to make a sound decision regarding the risks attached to photography. And again, I think this is moving far afield from the need to protect children from abuse and exploitation. A 17-year-old is far more likely to be photographed. I mean, because they can have consensual sex, there's going to be all the incidences involving consensual sex, and where will be the incidences involving nonconsensual sex? If it was nonconsensual, then it would be a crime. Then we would have something else to work with, and the child pornography would only be one aspect of it. Do children have a reputational interest implicated by their depiction in child pornography? Well, I believe that everybody has a reputational interest by their depiction in a lewd photograph, be they a child or not. But when it's a child, the child has been abused and exploited in order to have been put in a position to be a subject for it, because they can't have any legal sex, they can't consent to sexual activity at all. However, that's what creates this problem with this statute, because it's getting for one year, these people who can have legal sexual activity and still are, you know, falling under the child porn statute. But can't there be pretty lasting consequences to having your pictures circulated on the Internet? Well, I certainly agree. Well, I've got to say, in the state's case, they did go out looking for examples. And they came up with four articles, none of which really showed, illustrated the theory that a 17-year-old could have these problems. But I think you're right. I think that certainly anybody who inadvertently imposes for a sexual picture can have such problems. But the statute is not fashioned to address these things. As a matter of fact, when the age ceiling was raised in Illinois, it was in 1985, which was way before the Internet was even contemplated. And there was nothing said at that time by any of the, there was very little said by the legislatures at all about why the change was being made. But the one who did address it indicated that it was necessary because there was a problem telling the difference when the age ceiling was 16. There was a problem telling the difference between a 15-year-old and a 16-year-old in a picture because some 15-year-olds were. Anything in these pictures that could identify these two individuals? Not at all. Not at all. These are, they are very grainy. They were taken by a cell phone at night. It is only the parts, it is just nothing. It couldn't possibly, possibly. The mother identified her. The mother did, but that was because she found it in her daughter's e-mail sent to her daughter by her daughter's boyfriend. But she went further as to why she knew that it was her. She did make a claim that she knew it was her because she knew her daughter's pubic area had been shaved. That's what she said. Well, that's not really. I want to, help me understand your argument on Madrigal. In Madrigal we said that the, it potentially subjects wholly innocent conduct to, you know, being charged with criminal activity. Is there anything about the case before us where this, that you're making an assertion that this conduct was wholly innocent? Yeah. I'm distinguishing between photographs that are taken of real children being sexually exploited and abused, and photographs that are taken by legally consenting sexually active people. And that the latter is innocent conduct in and of itself. It only becomes a crime because of the picture. So it's comparable. In the identity theft statute it was where people who were doing the very same thing that somebody would do as the illegal act were doing it for completely benign purpose, such as using identification information of another to check marathons, Chicago Marathon results or something of that sort. I guess I will just, I'd just like to summarize that when this statute is applied to people like Mr. Hollins, it does not address the statutory purpose of protecting children from sexual abuse and exploitation. Instead it criminalizes innocent conduct. And then it punishes this. And I think this is another thing we have to look at. It punishes it as a class one felony and then requires the alleged offender to register as a sex offender for the rest of his life. And on top of that, as we explained in our briefs, criminalizing the otherwise legal, socially acceptable sexual practice of photographing private intimate behavior for personal use conflicts with the principles that underlie our statute. It also violates the privacy clause of our state constitution and denies people who have 17-year-old sex partners equal protection under the law. And so for all of these reasons and those that are in our briefs, we ask that you find the child pornography statute unconstitutional as applied to people like Mr. Hollins and that you reverse this conviction. Thank you. Thank you. May it please the court. Counsel, Assistant Attorney General Josh Schneider on behalf of the people of the state of Illinois. Counsel has raised what are really legislative arguments rather than constitutional arguments. The crux of their position seems to be that a 17-year-old is not a real child and is therefore not a suitable subject of legislative protections of children. But this is simply a dispute as to whether the legislature could rationally categorize a 17-year-old as a child. No argument has been put forward that the General Assembly can't do that. The age of consent is a legislative determination reflecting a societal experience as to the maturity of children to engage in particular conduct. No argument has been advanced as to why it's irrational for the General Assembly to find that a child has the maturity to make informed decisions about engaging in sexual activity but lacks the maturity to make the different decision about whether to memorialize that sexual activity. Counsel, what if A.B. simply had taken lewd photographs of herself and emailed them to the defendant? Would he still be liable or subject to criminal liability? No, Your Honor, because he would not have produced child pornography. But she can't consent for him to photograph her. No, she can't because she's a child. The legislature has determined that a 17-year-old under the Child Pornography Statute. For purposes of photography but not for sex. That's correct. And those are, that's not an irrational distinction to make. Because the dangers posed by engaging in sexual activity are materially different from the dangers posed by sexual conduct. This is not to say that the dangers of, I'm sorry, the difference between sexual activity and memorializing that sexual activity are materially different. And counsel is correct that the risks of engaging in sexual conduct are serious. But they are more concrete and somewhat more immediate. More readily appreciated by, as legislature found, someone of 17 years of age. Pregnancy and venereal disease, which are actually what the defendant identifies in their opening brief as the risks of sexual conduct, are somewhat more subtle. And accordingly, somewhat more difficult to apprehend and to make informed decisions about. The different dangers there are potentially having compromising photographs. Hound one for the rest of one's life. And the examples that we cite in our brief, it's not by any chance an exhaustive combing of the Internet for any article about compromising photographs being problematic later in life. But they do show that there are very real risks to having one's youthful indiscretions brought up subsequently. And even if they aren't, even if defendants avowed lack of intention to distribute these photographs was somehow binding. And they would never be distributed. Just the threat of potentially having them distributed. Once this photograph is created, it exists. And it is possible that it gets out, unintentionally or otherwise. And that risk can be psychologically harmful to children. And the general assembly was not irrational for finding that that risk was real and worth protecting children from. Really defendant isn't challenging the tailoring of the statute. It's they're not saying that it's overbroad. What they're saying is that the General Assembly has misidentified a child pornography featuring 17 year olds as a socially harmful product. In this case, the General Assembly identified pornography depicting 17 year olds as harmful. And accordingly, they tailored a statute that perfectly targets that harmful product. They said that is prohibited to produce pornography depicting sexual conduct of children under 18. That is perfect. It doesn't include any pornography that doesn't include children under 18. Defendant challenges the General Assembly's power to identify that as a social harm. They dispute that it's harmful enough to warrant this attention. But that's not an argument that's irrational to protect children from this harm. What it really is is a plea for the substitution of judicial determinations as to what is or is not sufficiently dangerous to warrant legislation for the General Assembly's determination on that issue. So an example would be if the General Assembly determines that marijuana is a socially harmful product for all of the reasons that it may. And it decides that the way to prevent the harms from this product are to prohibit the cultivation of marijuana. Under defendant's conception of a due process challenge, a marijuana grower could challenge this statute on due process grounds and say that it has no rational basis because marijuana is not really socially harmful. If the court deciding that claim agrees with him, a defendant is inviting that court to substitute his judgment for the General Assembly's judgment as to what is or is not an appropriate target for criminal legislation. And that's simply not how due process challenges work. The question is whether or not the legislature is rationally, whether the legislation is rationally related to a legitimate state interest. Here the state interest is protecting the psychological and physical welfare of children defined by the legislature, rationally defined by the legislature as people under 18 from the harms of child pornography. Defendant tries to narrow that to say that the harms of child pornography are the exploitation of children, but exploitation doesn't merely mean the nonconsensual penetration of a child too young to consent. Exploitation could easily mean the protection of a child too young to consent from the harms of being depicted in pornography. This case really isn't like Alexander or the U.S. Supreme Court case that Alexander followed, Ashcroft v. Free Speech Coalition. In those cases, the courts were looking at virtual child pornography where there were no actual children involved. So there were no interests of those children, reputational or otherwise, to protect. The next nearest thing would be the Second and Eighth Circuit decisions in Hotelling and Bach, respectively, where the courts held that morphed images were not protected because they still implicated the real interests of real children. Morphed images were innocent images of children that had been altered to make it appear that those children were engaged in sexual conduct. Even though the children weren't actually engaged in the sexual conduct depicted, making it appear that they were affected their real interests. And that shows that the harm of actually engaging in sexual conduct is independent from the harm of being depicted engaging in that sexual conduct. Here, the General Assembly determined that a 17-year-old was sufficiently mature to make decisions about the harms of engaging in sexual conduct and was not sufficiently mature to make decisions about whether to assume the risk of having that conduct memorialized. Because that determination was rational, the statute satisfies the rational basis test. The one other point I would make, if there are no further questions, is to talk about Madrigal a bit and the idea of innocent conduct. Innocent conduct in Madrigal and also in this Court's decision in Carpenter is not something that is somehow innocent, regardless of a legislative determination as to its harmfulness. It's innocent in the respect that it is unrelated to the harm identified by the legislature and put forward and justifying the legislation at hand. So, for example, in Madrigal, the purpose of the legislation was to prevent identity theft. However, the statute in Madrigal prohibited using any personal identifying information, including the name, to basically make any inquiry about that person without express prior permission. In that case, because that conduct was wholly unrelated to the legislative purpose, preventing identity theft, without a criminal intent to link it to the legislative purpose, for example, using someone's name to gain access to information about their transactions for the purpose of committing identity theft, for example, that statute was unconstitutional. Here, there's simply no innocent conduct. The statute doesn't reach anything that the legislature hasn't identified as a harmful product worthy of legislative targeting with criminal legislation. And, of course, although this Court is not limited to any of the rationales put forward by the General Assembly in legislative debate, the reason that was put forward would also satisfy the rational basis test in that enforcement of the child pornography statute is a legitimate state interest. And as the Eighth Circuit held in Bach, it aids enforcement to raise the ceiling to 18 because children enter puberty at different ages and more children will have entered puberty by 18 than 16. And so it aids enforcement by allowing us to identify the subjects of pornography as children or not. So for those reasons, as well as the ones in our brief, we'd ask this Court to affirm the decision of the lower court. Thank you. Thank you, Counsel. I just have three things. First of all, I wanted to respond to Justice Burke's question regarding whether had the A.V. emailed a photo to my client, whether he would have been guilty of anything. And he would, because possession of child pornography is also a violation of the statute. And that's essentially what Giever held. Second, my opponent was speaking about the fact that distinguishing this situation from Madrigal on the basis of this does not involve innocent conduct, I'm at a loss as to understand what it was. Besides violating the statute by taking the picture, what was criminal about what happened here? These were two people having innocent, I mean legal sex, and they did something that many, many people in our Internet is testament to how many people do on a daily basis. They simply took pictures of each other, clearly, clearly for private purposes. This case is probably the most extreme fact case that we can have for analyzing the impact of the application of this statute to 17-year-olds, because the facts are so, there's just no possibility of any exploitation or abuse under these facts. And finally, I just want to point out that even though the age ceiling changed until 1985, it has taken until 2012 for us to be here today discussing this, because there have been no cases that have arisen under this particular application of the statute since 1985. I think that's a clear indication that the citizens of the State of Illinois, the law enforcement bodies, simply don't view this as a criminal problem, and really it should not be. It's irrational for this statute to still have force and to be applied to somebody like Mr. Hollins. The statute doesn't say that there has to be any intent of how the photos be used, does it? Correct, yeah, there's absolutely no requirement of an intent to distribute or an intent to make money or anything of that sort. How can you claim that there's a privacy issue? Isn't it illogical when the photographs are, you would have a privacy interest in this particular situation when the encounter actually took place in a car in a community college parking lot? Well, this particular encounter did, yes, but I think the privacy part is the activity rather than the location. And actually, if this had happened out in broad daylight in the parking lot, that would have only been a Class A misdemeanor. Part of this is the extremity of the penalty on top of it that makes it irrational. If your honors have no other questions, I again would ask you to reverse Mr. Hollins' conviction and to find the statute unconstitutional as applied to him. Thank you so much. Thank you to both counsel for your arguments today. Case number 112, 754, People v. Marshall C. Hollins, is taken under advisement as agenda number 2.